UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE STEINER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VI-JON INC, <br><br> Defendant. | Case No. 23-cv-00473-AMO <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> Re: Dkt. No. 13 |

This is a case about hand sanitizer labeling. Defendant Vi-Jon, Inc.'s motion to dismiss was heard before this Court on October 12, 2023. Having read the papers filed by the parties and carefully considered their arguments therein and those made at the hearing, as well as the relevant legal authority, the Court hereby **GRANTS** Defendant's motion to dismiss, for the following reasons.

## BACKGROUND

Plaintiff Danielle Steiner and Plaintiff Amnery Castaneda purchased Vi-Jon's "Germ-X® moisturizing original hand sanitizer" ("Product") in Orange County. Compl. ¶¶ 1, 29-32. Defendant Vi-Jon, LLC (incorrectly sued as Vi-Jon, Inc.) ("Vi-Jon") is a Missouri corporation headquartered in St. Louis, Missouri, that manufactures and distributes the Product throughout the United States. Compl. ¶ 16.

### A.    Factual Background

Plaintiffs assert that Vi-Jon: (a) deliberately misrepresents Product as a hand sanitizer, (b) knowingly overreports Product's alcohol content; and (c) deceptively advertises that the Product "kills 99.99% of germs" and "kills germs in 15 seconds." Compl. (ECF 1) ¶¶ 2-4. Plaintiffs specifically assert Product's alcohol concentration falls up to 10% below its advertised level of

1  "62% ethyl alcohol" as found through testing using two quantitative techniques, nuclear magnetic
2  resonance and gas chromatography, both of which are tests used by scientists in the industry.
3  Compl. ¶¶ 20-21.  Plaintiffs further allege that Vi-Jon's representations that the Product "Kills
4  99.99% of germs" and "kills germs in 15 seconds" are incorrect given that the alcohol
5  concentrations are inaccurate.  Compl. ¶ 28.  Plaintiffs further cite to an FDA letter that suggests
6  another manufacturer's efficacy claims are deceptive because there is no scientific basis to make
7  such claims.  Compl. ¶ 22.  Plaintiffs all claim that, as a result of the alleged misrepresentations,
8  they and others who purchased the Product have suffered injuries including buying the mislabeled
9  Product, which they would not have purchased had they known the Product would not have the
10 promised quality, efficacy, or value.  Compl. ¶¶ 100, 115, 124.

**B.      Procedural History**

Plaintiffs filed the operative complaint on February 1, 2023.  ECF 1.  Plaintiffs seek to represent a class consisting of "all consumers who purchased Product in the State of California for personal use and not for resale, during the time period April 28, 2018, through the present."  Compl. ¶ 40.

Plaintiffs advance the following causes of action on behalf of themselves and the class:

1. Common law fraud;
2. Intentional misrepresentation;
3. Negligent misrepresentation;
4. Unjust enrichment;
5. Violation of Consumers Legal Remedies Act, California Civil Code §§ 1750, et seq. ("CLRA");
6. Violation of False Advertising Law, California Business & Professions Code §§ 17500 et seq. ("FAL");
7. Violation of Unfair Competition Law, California Business & Professions Code § 17200, et seq. ("UCL");
8. Breach of express warranty; and
9. Breach of implied warranty of fitness for a particular purpose.

2

1  Compl. ¶¶ 42-130.

2          Plaintiffs seek damages, restitution, and injunctive relief on behalf of themselves and
3  proposed class members statewide, for the time period of April 28, 2018, to present.

4          Vi-Jon filed the instant motion to dismiss the complaint on March 1, 2023.  ECF 13.  Vi-
5  Jon filed a request for judicial notice in support of the motion to dismiss.  ECF 14.

## REQUEST FOR JUDICIAL NOTICE

        Federal Rule of Evidence 201 permits a court to notice a fact if it is "not subject to reasonable dispute."  Fed. R. Evid. 201(b).  A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(1)-(2).  Under the incorporation by reference doctrine, the court has discretion to consider on a motion to dismiss "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading."  *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.").

        Defendant requests that the Court take judicial notice of the following documents in support of the Motion: (1) the label of the Germ-X® moisturizing original hand sanitizer at issue in this case and attached as Exhibit 1 to the Declaration of Alisa Benson (ECF 13-1 at 5), and (2) the FDA warning letter issued to Gojo Industries Inc. dated January 17, 2020 and referenced in paragraph 22 of the complaint and attached as Exhibit 2 to the Declaration of Melanie A. Ayerh (ECF 13-2).  Plaintiffs have not opposed Vi-Jon's request.

        Here, both items submitted for judicial notice are incorporated into the complaint by reference.  Plaintiffs' substantive allegations all refer to the representations made on the Germ-X product label, including as early as the first paragraph of the Complaint.  And Plaintiffs specifically refer to the warning letter issued by the FDA to Gojo Industries regarding similar representations of 99.9% effectiveness at killing germs.  Compl. ¶ 22.  The Court accordingly

1  GRANTS Vi-Jon's request for judicial notice on the basis that the exhibits are incorporated into
2  the Complaint by reference.

**DISCUSSION**

**A.    Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Under Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).

While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 558-59 (2007) (citations and quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679.

Review is generally limited to the contents of the complaint, although the court can also consider a document on which the complaint relies if the document is central to the claims asserted in the complaint, and no party questions the authenticity of the document. *See Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The court may consider matters that are properly the subject of judicial notice, *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001), and may also consider documents referenced extensively in the complaint and documents that form the basis of the plaintiffs' claims. *See No. 84 Emp'r-Teamster Jt. Council Pension Tr. Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 925 n.2 (9th Cir.

4

2003).

If dismissal is warranted, it is generally without prejudice, unless it is clear that the complaint cannot be saved by any amendment. *Sparling v. Daou*, 411 F.3d 1006, 1013 (9th Cir. 2005). "Leave to amend may also be denied for repeated failure to cure deficiencies by previous amendment." *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008).

**B.      Analysis**

Vi-Jon challenges the sufficiency of Plaintiffs' complaint broadly and specifically. Broadly, Vi-Jon argues that the pleading lacks the particularity required under Federal Rule of Civil Procedure 9(b). More specifically, Vi-Jon argues that each of the causes of action enumerated in the complaint fall short on the merits or fail to satisfy pre-suit notice requirements. The Court addresses these arguments in turn.

**1.      Sufficiency of Pleading under Rule 9(b)**

Plaintiff's claims that sound in fraud must also meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Rule 9(b) requires a party alleging fraud or mistake to state with particularity the circumstances constituting fraud or mistake. To satisfy this standard, the "complaint must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (citation and internal quotation marks omitted). The Court first addresses the two ways in which Plaintiffs allege that Vi-Jon's product labels are false.

**a.      Alcohol Testing**

Plaintiffs specifically state Product's alcohol concentration falls below its advertised level of "62% ethyl alcohol" and that this concentration was tested using two quantitative techniques, nuclear magnetic resonance and gas chromatography, both of which are tests used by scientists in the industry. Compl. ¶¶ 20-21. Defendant argues that Plaintiffs' allegations are insufficient because they fail to disclose what Product was tested, who conducted the testing, when and where the testing was conducted, or the methodology used to ultimately determine the alcohol concentration of the Product.

5

1     Vi-Jon incorrectly focuses its attack on the underlying testing that Plaintiffs conducted as evidentiary validation for their factual assertions.  This is inconsistent with the legal standard at the pleading stage, which requires details regarding the allegedly fraudulent statements, not details regarding how Plaintiffs investigated the statements.  *See Salameh*, 726 F.3d at 1133.  Plaintiffs are not required to divulge their testing data or any other technical particulars in the pleading so that Defendant can attack them as a factual matter.  That they have conducted tests and that they allege the falsity of Vi-Jon's representations is sufficient at this pleading stage.  Plaintiffs' allegations about their testing give Vi-Jon enough notice of the misconduct alleged for Vi-Jon to defend itself against Plaintiffs' charges.  Fed. R. Civ. P. 9(b); *see also Kearns*, 567 F.3d at 1125.  Therefore, Vi-Jon's motion to dismiss is DENIED on this basis.

### b. FDA Warning Letter to Gojo

    Plaintiffs additionally allege that Vi-Jon's representations on the Product label are false based, in part, on a January 17, 2020 warning letter (the "Warning Letter") that the FDA issued to GOJO Industries, Inc. ("Gojo"), the manufacturer of Purell brand hand sanitizer.  Compl. ¶ 22.  Plaintiffs allege that "[t]he FDA has stated that there is no scientific data to support a claim about killing 99.99% of germs" and therefore conclude that the "[label] claim [] has been found deceptive by the FDA."  Compl. ¶ 22.  The gravamen of the Warning Letter was that Gojo's advertising for Purell on its website made specific references to "preventing disease or infection from pathogens such Ebola, MRSA, VRE, norovirus, flu, and Candida auris."  ECF 13-2.  The FDA asserted that such pathogen specific germ-kill statements on Purell's website were unsupported and in violation of sections 505(a) and 301(d) of the FDCA, Title 21 U.S.C. §§ 355(a) and 331(d).  *Id.*

    As Vi-Jon highlights, the label statements at issue here, "Kills 99.99% of germs," "Kills germs in 15 seconds," and "Effective at eliminating 99.99% of many common harmful germs in as little as 15 seconds" are not pathogen specific germ-kill statements, and they were not addressed in the Warning Letter.  FDA has not issued any warnings regarding these statements, and it has not taken any enforcement action against Vi-Jon.  Plaintiffs' reliance on the Warning Letter issued to a competitor is misplaced and does not support their allegations that the statements on Vi-Jon's

1  product labels were false when made.

### 2. Sufficiency of CLRA, FAL, and UCL Claims

In order to protect its citizens from unfair, deceptive, or fraudulent business practices, California has enacted a number of consumer protection statutes. The CLRA prohibits "unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any customer." Cal. Civ. Code § 1770(a). Similarly, the UCL prohibits any "unlawful, unfair or fraudulent business act or practice," and the FAL prohibits any "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code §§ 17200, 17500. These claims are governed by the "reasonable consumer" test. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008).

#### a. Reasonable consumer standard

"Under the consumer protection laws of California[,] . . . claims based on deceptive or misleading marketing must demonstrate that a 'reasonable consumer' is likely to be misled by the representation." *Moore v. Trader Joe's Co.*, 4 F.4th 874, 881 (9th Cir. 2021); accord *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1360 (2003). "Under the reasonable consumer standard, [plaintiffs] must show that members of the public are likely to be deceived." *Williams*, 552 F.3d at 938. "The California Supreme Court has recognized that these laws prohibit not only advertising which is false, but also advertising which[,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." *Id.* at 938 (internal quotation marks omitted) (quoting *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 951 (2002)). The reasonable consumer test requires more than a mere possibility that defendant's product "might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003). Rather, the test requires a probability "that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.*; *see also Moore*, 4 F.4th at 881.

Generally, "whether a reasonable consumer would be deceived . . . [is] a question of fact not amenable to determination on a motion to dismiss." *Ham v. Hain Celestial Grp., Inc.*, 70 F.

7

Supp. 3d 1188, 1193 (N.D. Cal. 2014); *see Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015). "However, in rare situations a court may determine, as a matter of law, that the alleged violations of the UCL, FAL, and CLRA are simply not plausible." *Ham*, 70 F. Supp. 3d at 1193.

In *Williams*, the Ninth Circuit determined that a reasonable consumer could be deceived by images on a fruit snack label depicting a number of different fruits, "potentially suggesting (falsely) that those fruits or their juices are contained in the product." *Williams*, 552 F.3d at 939. The appellate panel rejected the argument that a misrepresentation on the front of the package could be cured by a disclaimer on the back of the package, instead concluding "reasonable consumers expect that the ingredient list contains more detailed information about the product that confirms other representations on the package." *Id.* at 939-40. Since *Williams*, the Ninth Circuit further clarified that, when a front label is ambiguous rather than unambiguously deceptive, "the ambiguity can be resolved by reference to the back label." *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1099 (9th Cir. 2023).

Here, Plaintiffs allege that, regardless of the alcohol percentage of the Product, the front label statements "Kills 99.99% of germs[*]" and "Kills germs in 15 seconds," when read in isolation, misrepresent the Product's antimicrobial effectiveness. Compl. ¶ 23. Vi-Jon contests that Plaintiffs fail to identify any facts that would render those representations false. The Court agrees with Vi-Jon – Plaintiffs fail to adequately plead the falsity of the Product representations where Plaintiffs fail to identify a single germ the Product does not kill, and they provide no context for their contention that it does not kill germs within 15 seconds. The Complaint is devoid of any allegations that the Product, even with the tested alcohol concentration of 53.56% or 59.1%, failed to kill 99.99% of the germs commonly found on Plaintiffs' hands or that the actual alcohol concentrations are too low to eradicate any germs within 15 seconds. *See* Compl. ¶ 27 (stating simply that consumers expect the product to kill nearly all germs given the Product representations).

Further, Plaintiffs' artful pleading omits the asterisk following the quote "Kills 99.99% of germs[*]." *See* ECF 13-1 at 5. Plaintiffs' narrow focus causes them to ignore necessary supplemental information on the Product's back-label, which states that the Product is

8

1  "*[e]ffective at eliminating 99.99% of many common harmful germs and bacteria in as little as 15
2  seconds." *Id.* This provides a meaningful qualifier that diminishes consumer expectation
3  regarding the Product's efficacy against common germs on hands. Plaintiffs' theory of the
4  misleading representations accordingly fails to establish how the label is false or misleading when
5  read as a whole. *See Dinan v. Sandisk LLC*, No. 18-CV-05420-BLF, 2019 WL 2327923, at *7
6  (N.D. Cal. May 31, 2019) (finding that an asterisked statement on the front of a product label
7  "directly informs the consumer that he should be aware that he needs to look elsewhere on the
8  package before applying his own assumptions"); *see also McGinity*, 69 F.4th at 1099. The
9  asterisked statements here, with one part on the front of the label and the second on the back, are
10 distinguishable from the fruit snack representations at issue in *Williams v. Gerber*, 552 F.3d at
11 939-40. Gerber could not rely on the ingredient list on the back of the product label to correct
12 misrepresentations made on the front of the label (*id.*), but here, the statement appended to the
13 asterisk provides additional clarity rather than seeking to correct a misrepresentation. Therefore,
14 the allegations related to the front label statements "Kills 99.99% of germs" and "Kills germs in
15 15 seconds" cannot support Plaintiffs' claims under the reasonable consumer test.

16 The Court's conclusion about the "killing germs" representations does not carry through to
17 one of the representations discussed above, however. Plaintiffs have adequately alleged that the
18 Product label representations of 62% ethyl alcohol content are false based on their testing. This
19 falsity cannot be saved by other statements on the label. These allegations can stand on their
20 own.[1]

### b.    CLRA Pre-Suit Notice and Venue Affidavit

22 The California Civil Code requires a plaintiff to submit a pre-suit demand at least 30 days
23 prior to initiating a lawsuit alleging violation of the CLRA. Cal. Civ. Code § 1780(a). The statute
24 also makes clear that a venue affidavit must be filed "concurrently with the filing of the

---

[1] On October 13, 2024, the Court ordered the parties to submit supplemental briefing discussing why the Federal Food, Drug, and Cosmetic Act ("FDCA") and case law interpreting it, including *PhotoMedex, Inc. v. Irwin*, 601 F.3d 919 (9th Cir. 2010), does not bar Plaintiffs' claim that Vi-Jon's products do not constitute "hand sanitizer." ECF 34. The Court finds that, to the extent Plaintiffs' claims focus on the veracity of the Product's content lists, they do not implicate the FDCA.

1 complaint," and that a complaint filed without such an affidavit "shall" be dismissed without

2 prejudice. Cal. Civ. Code § 1780(d). Several California district courts have required submission

3 of the CLRA affidavit and granted dismissal in its absence. *See In re Nexus 6P Prod. Liab. Litig.*,

4 293 F. Supp. 3d 888, 929 (N.D. Cal. 2018) (collecting cases); *see also Wehlage v. EmpRes*

5 *Healthcare Inc.*, No. 10-CV-05839-CW, 2012 WL 380364, at *7 (N.D. Cal. Feb. 6, 2012)

6 ("compliance with the [notice] requirement is necessary to state a claim.").

7 Here, Vi-Jon asks the Court to dismiss the CLRA claim for Plaintiffs' failure to submit the

8 venue affidavit concurrent with the Complaint. The Court GRANTS Vi-Jon's motion to dismiss

9 Plaintiffs' entire complaint with leave to amend in accordance with Civil Code Section 1780(d).

10 Additionally, Vi-Jon asks the Court to dismiss Castaneda's claim for damages under the

11 CLRA because she did not submit a pre-suit demand in accordance with Section 1780(a).

12 Plaintiffs make no argument on this point. This defect must be cured in any amended complaint

13 filed by Castaneda.

14 **3.     Express Warranty Claim**

15 To state a claim for breach of express warranty, plaintiff must establish three elements:

16 "(1) the seller's statements constitute an affirmation of fact or promise or a description of the

17 goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached."

18 *Weinstat v. Dentsply Int'l, Inc.*, 180 Cal. App. 4th 1213, 1227 (2010) (internal quotation marks

19 omitted).

20 Here, Vi-Jon avers that the claims in the Complaint fail because Plaintiffs have not

21 adequately alleged deceptive conduct or reasonable reliance. Plaintiffs allege that Vi-Jon's

22 statements on Product's label constitute promises and descriptions that Product is a hand sanitizer,

23 that Product has a 62% alcohol concentration, and that Product has capacity to both "kill 99.99%

24 of germs" and "kill germs in 15 seconds." Compl. ¶¶ 5, 19, 33-37, 118-21. Further, Plaintiffs

25 allege that Vi-Jon's statements served part of the basis of the bargain, and that the ethyl alcohol

26 contents of the Product fell short when compared to the statements on the label. Compl. ¶¶ 2-9,

27 20-24, 27-31. Therefore, accepting the veracity of Plaintiffs' testing data, as the Court must at this

28 point, Plaintiffs establish a breach of an express warranty regarding the contents of the Product.

10

1   The Court DENIES the motion to dismiss the express warranty cause of action as to Steiner.

2   However, a more particular issue remains regarding Castaneda, one of the two Plaintiffs. "To avoid dismissal of a . . . breach of warranty claim in California, '[a] buyer must plead that notice of the alleged breach was provided to the seller within a reasonable time after discovery of the breach.'" *Alvarez v. Chevron Corp.*, 656 F.3d 925, 932 (9th Cir. 2011) (quoting *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1142 (N.D. Cal. 2010)). Vi-Jon argues that Plaintiff Castaneda's claim for breach of warranty fails because she failed to give notice in accordance with Section 2-607(3) of the California Commercial Code. Plaintiffs do not respond to this argument and apparently concede the point. Absent any representation that the statutory notice was provided or that an exception to the notice requirement applies here, Castaneda's claim fails. The Court therefore DISMISSES Castaneda's express warranty cause of action.

### 4. Claims for Equitable Relief

Vi-Jon moves to dismiss Plaintiffs' equitable UCL, FAL, and unjust enrichment claims because Plaintiffs seek damages based on the same allegations and thus have an adequate remedy at law. Plaintiffs argue in response that they may preserve their claims for equitable relief at the pleading stage as alternative remedies.

In *Sonner v. Premier Nutrition Corporation*, the Ninth Circuit held "that the traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and CLRA in a diversity action." 971 F.3d 834, 843-44 (9th Cir. 2020). The court discussed at length the principle that federal courts are precluded from awarding equitable relief when an adequate legal remedy exists. *Id.* at 841-44. Building on *Sonner*, the Ninth Circuit held that legal remedies are not inadequate simply because an equitable claim may succeed where a legal claim may not. *See Guzman v. Polaris Indus.*, 49 F.4th 1308, 1313 n.2 (9th Cir. 2022); *see also Clevenger v. Welch Foods Inc.*, 2022 WL 18228288, at *4-5 (C.D. Cal. 2022) (under *Guzman*, "differences in proof" between legal and equitable claims do not make legal remedies inadequate).

In this case, Vi-Jon relies on *Sonner* to argue that Collyer should not be permitted to seek equitable relief while a legal remedy is available. Courts in this district, however, typically permit

the pursuit of alternative remedies at the pleadings stage.  *See, e.g.*, *Harris v. McDonald's Corp.*, No. 20-cv-06533-RS, 2021 WL 2172833, at *3 (N.D. Cal. Mar. 24, 2021) ("[Defendant's] argument that [*Sonner*] requires rejection of the equitable claims at the pleading stage is not persuasive."); *Snarr v. Cento Fine Foods Inc.*, No. 19-cv-02627-HSG, 2019 WL 7050149, at *5 n.32 (N.D. Cal. Dec. 23, 2019) ("The Court further rejects Defendant's argument that Plaintiffs may not seek equitable remedies given that they have alleged claims for damages under the CLRA and for breach of warranty."); *Madani v. Volkswagon Group of America, Inc.*, No. 17-cv-07287-HSG, 2019 WL 3753433, at *9 (N.D. Cal. Aug. 8, 2019) ("[T]he Court is persuaded that, at the pleading stage, theories of equitable remedies are not barred by a plaintiff adequately pleading theories supporting monetary relief."); *Luong v. Subaru of America, Inc.*, No. 17-cv-03160-YGR, 2018 WL 2047646, at *7 (N.D. Cal. May 2, 2018) ("The availability of monetary damages does not preclude a claim for equitable relief under the UCL and CLRA based upon the same conduct."); *Aberin v. Am. Honda Motor Co., Inc.*, No. 16-cv-04384-JST, 2018 WL 1473085, at *9 (N.D. Cal. Mar. 26, 2018) ("This Court joins the many other courts, however, that have reached the opposite conclusion, finding no bar to the pursuit of alternative remedies at the pleadings stage."); *Adkins v. Comcast Corp.*, No. 16-cv-05969-VC, 2017 WL 3491973, at *3 (N.D. Cal. Aug. 1, 2017) ("[T]his Court is aware of no basis in California or federal law for prohibiting the plaintiffs from pursuing their equitable claims in the alternative to legal remedies at the pleadings stage.").  This Court follows their path and permits Plaintiffs to proceed with equitable claims at the pleading stage, particularly where there does not appear to be a material distinction between monetary damages and restitution.  The Court need not dismiss the equitable relief sought by Plaintiffs because of their pursuit of a legal remedy at the pleading stage, and Vi-Jon's motion to dismiss is DENIED on this basis.

### 5. Negligent Misrepresentation Claim

Vi-Jon argues that Plaintiffs' negligent misrepresentation claim is barred by the economic loss rule.  As a general matter, that rule "requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise."  *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal.4th 979,

988 (2004). The rule is frequently applied to bar claims sounding in tort where they run parallel to a contractual claim or a warranty claim. *See Bret Harte Union High Sch. Dist. v. FieldTurf, USA, Inc.*, No. 116CV00371DADSMS, 2016 WL 3519294, at *4 (E.D. Cal. June 27, 2016).

Here, Plaintiffs' negligent misrepresentation claim relates to Vi-Jon's representations about the Product – particularly the falsity of those representations. Though the negligent misrepresentation claim cannot form the basis of a claim premised on purely economic loss, Plaintiffs' negligent misrepresentation claim stems from the falsity of Vi-Jon's advertising representations. The negligent misrepresentation claim thus does not parallel a contractual loss and instead sounds in fraud. Therefore, the economic loss rule does not apply to displace Plaintiffs' negligent misrepresentation claim, and that claim need not be dismissed as pleaded.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Vi-Jon's motion to dismiss pursuant to California Civil Code Section 1780(d). Castaneda's CLRA and express warranty claims are **DISMISSED** with leave to amend, but she must make clear in any amended complaint that she has cured the notice defects described above. Any amended complaint must be filed within 30 days from the date of this order. No additional parties or claims may be added without leave of Court or stipulation of Defendant.

**IT IS SO ORDERED.**

Dated: March 18, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**