1 | Carol R. Brophy (SBN 155767)
cbrophy@steptoe.com
2 | STEPTOE LLP
One Market Plaza
3 | Steuart Tower, Suite 1070
San Francisco, California 94105
4 | Telephone: (415) 365-6700 / Facsimile: (415) 365-6699
5 |
6 | Melanie Ayerh (SBN 303211)
mayerh@steptoe.com
7 | STEPTOE LLP
633 W. Fifth Street, Suite 1900
8 | Los Angeles, CA 90067
9 | Telephone: (213) 439-9400/ Facsimile: (213) 439-9599
10 | Anthony Hopp ((Illinois SBN 6199290) (admitted pro hac vice))
ahopp@steptoe.com
11 | STEPTOE LLP
12 | 227 West Monroe Street, Suite 4700
Chicago, IL 60606
13 | Telephone: (312) 577-1249 / Facsimile: (312) 577-1370
14 | Attorneys for Defendants VI-JON, LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMNERY CASTANEDA and DANIELLE STEINER, on behalf of themselves and all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>VI-JON, INC., a Missouri Corporation; and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No: 3:23-CV-00473-AMO<br>*(Assigned for all purposes to the Honorable Araceli Martinez-Olguin, Courtroom 10)*<br><br>**VI-JON'S NOTICE REGARDING RECEIPT OF PLAINTIFFS' TEST DATA**<br><br>Complaint Filed: February 3, 2023 |

Pursuant to this Court's order dated August 14, 2024 (Dkt. 62) Defendant Vi-Jon, LLC ("Vi-Jon") hereby submits the following statement regarding receipt of Plaintiffs' test data.

## VI-JON'S UPDATED STATEMENT

### I.     INTRODUCTION

During the Further Case Management conference in this case on August 14, 2024, the Court ordered Plaintiffs to produce "product testing data" regarding the product at issue in this litigation, Germ-X alcohol-based hand sanitizer (the "Product") before 12:00 PM PST on Friday, August 16, 2024. See, Dkt. 62. At approximately 11:31 AM PST on August 16, Plaintiff produced by email a heavily redacted, one page "Certificate of Analysis." *See*, Exhibit A to Declaration of Anthony Hopp. Counsel for Vi-Jon immediately emailed Plaintiffs' counsel and demanded their full, unredacted product testing data before 12:00 PM PST. Plaintiffs' counsel did not respond, and has not yet produced the unredacted Certificate of Analysis or the full product testing data. Hopp Decl. ¶ 3.

### II.     VI-JON'S STATEMENT

The heavily redacted "Certificate of Analysis" Plaintiffs produced does not comply with this court's order for several reasons. First, as the title of the document indicates, it is not "product testing data," but rather a single page certificate of analysis. This type of document typically accompanies product testing data, and summarizes the results. It does not, however, set forth the underlying testing data on which the analysis is based.

A full product testing data report would contain, among other things, the name and address of the testing facility, intake notes (describing the condition of the sample it was received), photographs documenting the condition of the sample, a description of the test method, a laboratory report, quality control/quality assurance documentation, and the name and signature of the technician conducting the testing. This information is necessary in order to assure any person reading the report that the testing was conducted using generally accepted, approved methods.

Some of this information may be set forth on the "Certificate of Analysis." Vi-Jon cannot obtain this information from the Certificate of Analysis, however, because Plaintiffs have chosen to produce it in a heavily redacted format. Of particular concern is that Plaintiffs have chosen to redact the name of the laboratory that conducted the analysis. The name of the laboratory is necessary to verify that the lab is accredited under ISO 17025. ISO 17025 compliance provides laboratories with international recognition of their competence and ability to produce valid results. Plaintiffs have also chosen to redact all but the most basic information regarding the test method the lab employed. Without additional information from the lab report, Vi-Jon is unable to tell if the test results are presented by weight or by volume. This information is critical to an accurate reading of the test results.

Vi-Jon has been demanding that Plaintiffs produce their test data ever since Plaintiffs first disclosed the alleged existence of the data in their statutory demand letter more than three and one half years ago. After all this time, it appears that Plaintiffs do, in fact, have some type of lab report which *might* provide a good faith basis for Plaintiffs' claims. It is therefore highly suspicious that, rather than comply with this Court's order (Dkt. 62) and produce their "product testing data," Plaintiffs have chosen to produce a highly redacted, one-page document which hides all but the most basic information. Vi-Jon hereby requests that this Court order Plaintiffs to produce their full product testing data immediately.

Nonetheless, in compliance with this Court's August 14th order and the discussion held during the August 14th Further Case Management Conference, Vi-Jon will use the information it can glean from the redacted Certificate of Analysis to attempt to locate the batch records for the Product that Plaintiffs' lab apparently tested. If Vi-Jon is able to locate this information, Vi-Jon will provide it to Plaintiffs' counsel on or before August 23, 2024.

*///*

*///*

*///*

Dated: August 16, 2024 

Respectfully Submitted,

By:    */s/ Anthony Hopp*
By: /s/ Anthony Hopp

STEPTOE LLP
Carol R. Brophy, Esq.
Anthony G. Hopp, Esq.
Melanie A. Ayerh, Esq.
Counsel for Vi-Jon, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record who receive CM/ECF notifications.

By:   */s/ Anthony Hopp*
      Anthony Hopp