UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE STEINER, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>VI-JON INC,<br><br>    Defendant. | Case No. 23-cv-00473-AMO<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: Dkt. Nos. 59, 62, 63 |

On August 14, 2024, the Court held a further case management conference in part to discuss the parties' outstanding discovery dispute. The discovery dispute centers on Plaintiffs' withholding of data from their independent testing of the alcohol content in Defendant Vi-Jon, Inc.'s ("Vi-Jon") hand sanitizer product. This testing was also discussed during the June 27, 2024 initial case management conference, during which the Court stated that it expected Plaintiffs to produce the results as part of their Rule 26 initial disclosures, and that if they did not, Defendants should avail themselves of the discovery dispute procedure laid out in the Court's Civil Standing Order. Rather than produce the results with their initial disclosures, Plaintiffs' counsel instead only identified the location of the documents. *See* Joint Letter Br. at 3 (ECF 59 at 5).

At the August 14 conference, the Court clarified for Plaintiffs' counsel that the Court had expected them to produce the results, and that their responses to Defendants proceeded as if the June 27 conference had not occurred. The Court ordered Plaintiffs to produce the testing data by no later than noon on August 16, 2024. *See* ECF 62. Plaintiffs did not object or identify any reason for withholding of the testing data. The Court also ordered Defendant to file on the docket a notice regarding receipt of the testing data. *Id.*

Vi-Jon complied with the Court's order and filed on August 16, 2024 its notice regarding receipt of Plaintiffs' testing data. Vi-Jon attached a copy of the two-page production it received from Plaintiffs, a heavily redacted copy of test results. ECF 63-2. The exhibit shows that Plaintiffs' limited production is plainly deficient and fails to comply with the Court's August 14 order.[1] To be clear, Plaintiffs remain obligated to produce to Defendants complete, unredacted testing records.[2]

Accordingly, the Court **ORDERS** Plaintiffs' counsel to **SHOW CAUSE** why they should not be sanctioned for failing to comply with the Court's August 14, 2024 order. Among other available sanctions, the Court is considering personally sanctioning Plaintiffs' Counsel $100 a day for each day they do not produce complete, unredacted testing records to Defendants. Plaintiffs' Counsel shall file a written response to this Order to Show Cause on or before noon PT on August 23, 2024. A hearing on the Order to Show Cause shall take place on August 29, 2024, at 10:00 a.m. PT. Plaintiffs' Counsel **SHALL** appear in person. Defendant's Counsel may appear virtually and should direct requests to do so to the Court's Deputy Clerk, amocrd@cand.uscourts.gov.

**IT IS SO ORDERED.**

Dated: August 19, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

---

[1] Plaintiffs did not object to the Court's order or assert any basis for withholding the testing records. Plaintiffs have accordingly waived all objections or claims of privilege.

[2] Within 24 hours of receipt of any relevant productions, Vi-Jon **SHALL** file a Statement on the docket regarding its receipt of the testing data. The testing data need not be appended to the notice.

2